# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2013

Lyle W. Cayce
Clerk

No. 13-50363
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO NAVA-ACOSTA, also known as Osvaldo Cossio-Acosta,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2738-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Osvaldo Nava-Acosta appeals the 41-month within-guidelines sentence imposed after he was convicted for illegal reentry following deportation. Nava-Acosta contests the substantive reasonableness of his sentence for being greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a). In support of this claim, he challenges the use of U.S.S.G. § 2L1.2, the illegal-reentry guideline, in calculating his guidelines range. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that this guideline (1) is not empirically based, (2) double counts his prior drug-trafficking conviction, and (3) fails to account for the nonviolent nature of his offense, which he insists is, "at bottom, a trespassory [sic] offense." Nava-Acosta also asserts that the district court failed to account for his personal circumstances and the circumstances of this offense, noting that he returned to the United States only to find work and thus earn money to support his family.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Nava-Acosta objected to the substantive reasonableness of his sentence, he raises his contention that his sentence is substantively unreasonable because of alleged flaws in § 2L1.2 for the first time on appeal. To preserve a claim of error, the defendant must raise it "with the district court in such a manner so that the district court may correct itself." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (internal quotation marks and citations omitted). These contentions, therefore, are arguably reviewed for plain error. *See id*. We need not determine whether plain error review is appropriate in this case, however, because Nava-Acosta's claims fail even under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Although Nava-Acosta challenges the applicability of the presumption of reasonableness to his within-guidelines sentence under § 2L1.2, he acknowledges that this challenge is foreclosed and that he raises it only to preserve it for possible future review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009) (rejecting identical argument). His claim of "double counting" also fails, *see United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), as does his contention that § 2L1.2 results in an excessive sentence because it is not empirically based, *see United States v.*

*Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011).  Similarly, we have never been persuaded that the Sentencing Guidelines fail to account for the nonviolent nature of an illegal reentry offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Nava-Acosta's efforts to obtain a lesser sentence but concluded that a sentence at the bottom of the guidelines range was appropriate because of the nature of Nava-Acosta's offense and his criminal history.  His contentions regarding his mitigating factors and benign motive are insufficient to rebut the presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The sentence imposed by the district court is AFFIRMED.